THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JESUS RINCON-MEZA,<br><br>    Defendant. | CASE NO. CR19-0062-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for dismissal of the indictment (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Defendant is a citizen of Mexico and has been indicted on charges of possession of explosive material by an unlawful alien and possession of firearms by an unlawful alien. (Dkt. Nos. 1, 20, 35 at 2.) On March 21, 2019, the Government moved for pretrial detention. (Dkt. No. 11.) On the same day, an ICE detainer[1] was lodged that alleged that there was probable cause

---

[1] An United States Immigration and Customs Enforcement ("ICE") detainer is issued by an immigration official to another law enforcement agency to notify the agency that the Department of Homeland Security (the "Department") "seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a);

that Defendant is subject to removal. (Dkt. No. 26-1 at 2.) A detention hearing was held before the Honorable Paula L. McCandlis, United States Magistrate Judge. (Dkt. No. 35-1.) Judge McCandlis determined that Defendant did not pose a flight risk or a danger to the community, and ordered him released on pretrial bond conditions pursuant to the Bail Reform Act ("BRA"), 18 U.S.C. § 3141 *et seq*. (*Id*. at 19.)

Defendant was subsequently detained by ICE at the Northwest Detention Center. (Dkt. No. 35 at 2.) Removal proceedings were initiated, and a bond hearing was held. (*Id*.) Defendant's attorney presented Judge McCandlis's order and findings. (*Id*.) The immigration judge determined that Defendant was a flight risk and a danger to society, and refused to release Defendant on bond pursuant to the Immigration and Nationality Act of 1965 ("INA"), 8 U.S.C. § 1101 *et seq*. (*Id*.) A removal order has not been issued in Defendant's immigration proceedings. (*Id*.)

Defendant moves for an order dismissing the criminal indictment with prejudice, arguing that his detention by ICE pursuant to the INA violates his right to pretrial release under the BRA. (*See generally id*.)

## II. DISCUSSION

### A. Dismissal of Indictment Legal Standard

"A district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). "If the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers." *Id*. Three recognized grounds on which the court may exercise its supervisory powers are "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on

---

*see United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1175 (D. Or. 2012). The ICE detainer asks the law enforcement agency to notify the Department prior to releasing the alien so that the Department can arrange to assume custody. 8 C.F.R. § 287.7(a).

appropriate considerations validly before a jury; or to deter future illegal conduct." *Id.*; *see also United States v. W.R. Grace*, 526 F.3d 499, 511 n.9 (9th Cir. 2008) (noting that a district court's supervisory powers are not limited to these three grounds).

### B. Construction of the BRA and INA

The BRA was enacted by Congress to "give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released," and thus governs a court's decision about whether to release an arrestee pending trial. *United States v. Salerno*, 481 U.S. 739, 742 (1987). The BRA generally favors granting arrestees pretrial release. *See* 18 U.S.C. §§ 3142(a)(1)–(2), 3142(b), 3142(c). But if a judicial officer finds, after holding a hearing, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). Judge McCandlis found that the Government had not met its burden of establishing that Defendant was a flight risk or a danger to the community, and thus ordered Defendant released on pretrial release on an appearance bond. (Dkt. Nos. 31, 32, 34, 35-1 at 19); *see* 18 U.S.C. §§ 3142(a)(1), 3142(b).

The INA "contains the basic body of immigration law in the United States" and charges the Secretary of Homeland Security with the administration and enforcement of the INA and other immigration laws. *Trujillo-Alvarez*, 900 F. Supp. 2d at 1174 (citing 8 U.S.C. § 1101 *et seq*); 8 U.S.C. § 1103(a)(1). "On a warrant issued by the [Secretary], an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Secretary has discretion to continue to detain the alien or release the alien on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(1)–(2); *see Nielsen v. Preap*, 139 S. Ct. 954, 959 (2019). "The [Secretary's] discretionary judgment regarding the application of [8

U.S.C. § 1226] shall not be subject to [judicial] review." 8 U.S.C. § 1226(e).[2] Rather, the alien may seek review of his detention by an officer of the Department and then by an immigration judge, during which "the alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen*, 139 S. Ct. at 959–60 (citing 8 C.F.R. §§ 236.1(c)(8), 236.1(d)(1), 1003.19(a), 1236(d); *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006)). In this case, Defendant was transferred to ICE custody following his detention hearing in his criminal case. (Dkt. Nos. 35 at 2, 38 at 2, 38-1 at 49.) The immigration judge found that Defendant was a flight risk and a danger to the community, denied bond, and ordered Defendant detained pending his removal proceedings. (Dkt. No. 38-1 at 51.) Thus, the Secretary has exercised its statutory discretion pursuant to 8 U.S.C. § 1226(a)(1) to detain Defendant pending removal proceedings.

"[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari*, 417 U.S. 535, 551 (1974). Thus, when two statutes potentially conflict, the court "must read the statutes to give effect to each if [it] can do so while preserving their sense and purpose." *Watt v. Alaska*, 451 U.S. 259, 267 (1981).

The issue presented by the present motion is whether a judicial officer's determination that a defendant in criminal proceedings is entitled to pretrial release under the BRA precludes

---

[2] Defendant contends that the INA's regulations pertaining to voluntary departure of an alien demonstrate that that immigration proceedings, including ICE detention, must run consecutively to criminal proceedings subject to the BRA. (Dkt. No. 35 at 4–5, 10) (citing *Trujillo-Alvarez*, 900 F. Supp. 2d at 1179; 8 C.F.R. § 215.2; 8 C.F.R. § 215.3(g)). But the regulations cited by Defendant concern when departure by an alien "would be prejudicial to the interests of the United States," such as when the alien is a party to pending criminal proceedings. *See* 8 C.F.R. § 215.2; 8 C.F.R. § 215.3(g). The INA distinguishes between an alien voluntarily departing from the United States and being subject to removal proceedings. *Compare* 8 U.S.C. § 1229c(a)(1), *with* 8 U.S.C. § 1229a. Defendant is presently subject to removal proceedings and the parties have not indicated that he has been offered the option of voluntary departure. (*See* Dkt. Nos. 35 at 1–2, 38 at 2–3.) Therefore, the regulations cited by Defendant are inapplicable to the present case.

the Secretary from exercising its statutory discretion to detain Defendant pending removal proceedings under the INA. The Court finds that no such preclusion exists. The BRA is administered by the federal courts, and tasks them with ensuring a defendant's appearance at his criminal proceedings, while minimizing the burden of pretrial detention on him and the court system. *See Salerno*, 481 U.S. at 742; 18 U.S.C. § 3142. In contrast, the INA vests the Secretary with the authority to enforce its provisions, and grants the Secretary discretion to detain an alien pending removal proceedings. 8 U.S.C. §§ 1103(a)(1), 1226(a)(1)–(2). The detention of a criminal defendant pending trial and the detention of an alien pending removal proceedings are separate functions, administered by separate authorities, and serve different purposes. Thus, it is not apparent that the BRA and INA conflict such that one nullifies the effect of the other.

Defendant contends that the BRA evidences Congress's specific intent that the BRA takes precedence over the INA. (Dkt. No. 35 at 4) (citing *Trujillo-Alvarez*, 900 F. Supp. 2d. at 1174); 18 U.S.C. § 3142(d). Under the BRA, a judicial officer temporarily detain a defendant and notify certain other bodies, including ICE, if the officer determines that the defendant is not a citizen of the United States or lawfully admitted and is a flight risk or a threat to the community. *See* 18 U.S.C. § 3142(d).[3] If an ICE official does not act within the period of temporary detention, the defendant is treated as any other defendant for the purposes of the BRA. *See id*. But this provision does not evidence Congress's specific intent that the BRA would broadly displace the INA as to a given defendant subject to both criminal prosecution and removal proceedings. It requires a judicial officer to notify ICE that a defendant otherwise subject to pretrial detention under the BRA may be subject to the INA, and precludes the judicial officer from considering the defendant's immigration status if ICE declines to take action. *See id*.; *see also* 18 U.S.C. § 3142(g) (limiting factors district court may consider when determining

---

[3] The Court notes that § 3142(d) is inapplicable to this case, as Judge McCandlis found that Defendant was not a flight risk or a danger to the community. (*See* Dkt. No. 35-1 at 19); *see also* 18 U.S.C. § 3142(d)(2).

if pretrial detention is proper). As the provision is otherwise silent as to the Secretary's exercise of discretion to detain an individual under the INA pending removal proceedings, it is insufficient to demonstrate an irreconcilable conflict between the BRA and INA.

Defendant also argues that the executive branch cannot use ICE detention prior to removal proceedings pursuant to the INA to ensure a defendant's appearance at a criminal trial, and thus evade this Court's authority under the BRA. (*See* Dkt. No. 35 at 3, 7, 9.) Defendant conflates the U.S. Attorney's Office and the Department in his argument, although they are separate bodies tasked with enforcing different statutory schemes with different purposes. Further, the INA vests the Secretary with discretion to detain an alien pending removal proceedings. *See* 8 U.S.C. § 1226(a). The record before the Court indicates that the Secretary has done so in this case, and does not support Defendant's assertion that ICE is holding Defendant for the sole purpose of evading this Court's order as to pretrial release under the BRA. In fact, Defendant's briefing evidences his own belief that he is being held by ICE pending imminent removal proceedings, as he discusses the possibility that he will be subjected to expedited removal proceedings due to his continued detention by ICE. (*See* Dkt. No. 35 at 2, 11.)

Finally, Defendant briefly argues that allowing ICE to detain Defendant prior to trial without satisfying the BRA's requirements for pretrial detention implicates his Fifth Amendment due process rights, and that holding Defendant in detention despite his being released on bail implicates his Eighth Amendment rights. (*Id*. at 10) (citing *Trujillo-Alvarez*, 900 F. Supp. 2d at 1179; *Salerno*, 481 U.S. at 754–55.) Both constitutional arguments ignore that Defendant was detained in accordance with the INA, and presuppose that an individual cannot be detained under the INA if release is ordered under the BRA. As discussed above, Defendant is being detained by ICE pursuant to the Secretary's discretion under the INA, and is not being improperly held by this Court without the Court satisfying the BRA or after being released on bail. Therefore, Defendant has not demonstrated that his ongoing detention by ICE infringes his rights under the Fifth or Eighth Amendments.

In sum, Defendant has not established that the BRA and INA conflict such that Judge McCandlis's order for pretrial release under the BRA precluded the Secretary from exercising its discretion to detain Defendant pending removal proceedings pursuant to the INA. Defendant has not offered another ground on which the Government is allegedly violating Judge McCandlis's order for pretrial release. Thus, Defendant has not demonstrated that the Government's conduct merits dismissal of the indictment.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for dismissal of the indictment (Dkt. No. 35) is DENIED.

DATED this 22nd day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE